**William H. BRIGHAM, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Respondent.**

**No. 18268.**

United States Court of Appeals
Fifth Circuit.

April 19, 1960.

D. B. Kultgen, Waco, Tex., for petitioner.

Donald L. Hardison, Richard A. Solomon, Attys., Dept. of Justice, Washington, D. C., Max D. Paglin, Asst. Gen. Counsel, F. C. C., Washington, D. C., for respondent.

Before RIVES, Chief Judge, and JONES and WISDOM, Circuit Judges.

PER CURIAM.

At the instance of the petitioner, KWTX Broadcasting Company requested a "declaratory ruling" from Federal Communications Commission upon the following undisputed statement of facts:

"KWTX Broadcasting Company has in its employ a Mr. Jack Woods. Mr. Woods is employed to broadcast weather news on KWTX–TV and KWTX Radio. This is the sole employment and he alone is responsible for the preparation and presentation of all weathercasts on KWTX–TV and all weathercasts on KWTX Radio with the exception of two broadcasts daily direct from the United States Weather Bureau. Teletype machines are installed at our station providing continuous weather reports from all United States weather reporting stations throughout the nation, affording the latest information for these reports.

"Mr. Woods broadcasts the weather news from approximately 10:18–10:24 PM nightly within our TX Final News segment which runs from 10:00–10:30 PM seven nights per week. Mr. Woods also presents the weather news from approximately 12:20–12:25 PM each Monday through Friday as a segment in our television farm program. Mr. Woods also does a television weather newscast from 6:08–6:14 PM, Monday through Friday. Mr. Woods also issues special weather news bulletins during emergency conditions. In addition, Mr. Woods does a three or four minute weathercast Monday through Friday at 6:15 PM and 10:30 PM on KWTX Radio, and also issues special weather warnings and weather news bulletins during emergency conditions. The above mentioned programs deal exclusively with weather news and do not in any manner give reference either directly or indirectly to political matters. Mr. Woods is now identified on these programs not by name, but as the TX Weatherman.

"Mr. William H. Brigham of Waco, Texas, has announced his candidacy for the Texas Legislature in opposition to Mr. Jack Woods who has also announced his candidacy for the Texas Legislature, Representative Place 1. Each of these men is a legally qualified candidate. Mr. Brigham has advised KWTX Broadcasting Company that each appearance by Mr. Jack Woods on either KWTX–TV or KWTX Radio in his regular job as weathercaster constitutes a use of these broadcast facilities, and he (Mr. Brigham) is demanding an equal amount of time on behalf of his political candidacy.

"I [1] have advised Mr. Brigham that the aforedescribed weather newscasts are not political in nature, that under Section 315(a) of the Communications Act of 1934, as amended, the appearance by a legally qualified candidate on any bona fide newscast shall not be deemed to be use of a broadcasting station and that, therefore, in our opinion the appearance of Mr. Jack Woods in his regular job of reporting weather news on KWTX–TV and KWTX Radio does not constitute the use of our broadcast facilities from a political standpoint under the meaning of the equal time provisions of Section 315 of the Communications Act of 1934, as amended."

The Federal Communication Commission answered as follows:

"In light of the above facts, and in view of the amendment to Section 315 of the Communications Act (enacted by the Congress last year) which specifically exempts bona fide newscasts, it is our view that the equal time provisions of Section 315 are not applicable and that, consequently, it is not required that the station 'shall afford equal opportunities to all other such candidates.' Our opinion in this case, as in all others, is, of course, limited strictly to the facts which have been brought to our attention."

Both parties agree that this Court has jurisdiction of this petition to review that order, and we find such jurisdiction under 47 U.S.C.A. § 402(a) and 5 U.S.C.A. §§ 1031, 1039(a). See United States v. Storer Broadcasting Co., 1956, 351 U.S. 192, 76 S.Ct. 763, 100 L.Ed. 1081; Frozen Foods Express v. United States, 1956, 351 U.S. 40, 76 S.Ct. 569, 100 L.Ed. 910; United States v. I. C. C., 1949, 337 U.S. 426, 432–440, 69 S.Ct. 1410, 93 L.Ed. 1451; Caples Co. v. United States & F. C. C., 1957, 100 U.S. App.D.C. 126, 243 F.2d 232.

Prior to September 14, 1959, Section 315(a) of the Communications Act, 47 U.S.C.A. § 315, read as follows:

"If any licensee shall permit any person who is a legally qualified candidate for any public office to use a

---

1. The President of KWTX Broadcasting Company.

broadcasting station, he shall afford equal opportunities to all other such candidates for that office in the use of such broadcasting station: *Provided,* That such licensee shall have no power of censorship over the material broadcast under the provisions of this section. No obligation is hereby imposed upon any licensee to allow the use of its station by any such candidate."

On February 19, 1959, the Commission issued an "interpretive opinion" in the so-called "Lar Daly" case, holding that the appearance of a candidate in film clips shown on television news programs constituted a "use" of broadcast facilities under Section 315, requiring the licensees involved to afford equal opportunities in the use of their facilities to opposing candidates.

On September 14, 1959, Congress approved an amendment to Section 315, 47 U.S.C.A. § 315, as amended (Public Law 86–274) providing in pertinent part, that:

"Appearance by a legally qualified candidate on any—

(1) bona fide newscast,

(2) bona fide news interview,

(3) bona fide news documentary (if the appearance of the candidate is incidental to the presentation of the subject or subjects covered by the news documentary), or

(4) on-the-spot coverage of bona fide news events (including but not limited to political conventions and activities incidental thereto),

shall not be deemed to be use of a broadcasting station within the meaning of this subsection. Nothing in the foregoing sentence shall be construed as relieving broadcasters, in connection with the presentation of newscasts, news interviews news documentaries, and on-the-spot coverage of news events, from the obligation imposed upon them under this Act to operate in the public in-terest and to afford reasonable opportunity for the discussion of conflicting views on issues of public importance."

There is not the slightest hint in the undisputed facts that this weathercaster's appearance involved anything but a bona fide effort to present the news. The weathercaster is not even identified by name, but only as the "TX Weatherman," and his employment is not something arising out of the election campaign but, rather, is a "regular job." Certainly the facts do not indicate any favoritism on the part of the station licensee or intent to discriminate among candidates.

On these facts, the Commission's ruling was clearly correct, and it is affirmed.

The election is to be held on May 7, 1960. It is therefore ordered that the mandate be issued immediately.

Affirmed.